### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JEREMY TRAVIS PAIGE, #R5845**                                                  **PLAINTIFF**

**v.**                                                           **CAUSE NO. 3:20cv197-DPJ-FKB**

**RANKIN COUNTY, ET AL.**                                             **DEFENDANTS**
_____

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT
_____

**NOW COME** Defendants, Rankin County, Mississippi, Sheriff Bryan Bailey, and Brett McAlpin, by and through their undersigned counsel of record, and submit this, their Answer and Defenses in the above styled and numbered cause as follows:

### FIRST DEFENSE

Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

### SECOND DEFENSE

Defendants affirmatively assert and invoke all substantive and procedural defenses available unto them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*. as to Plaintiff's state law claims, if any.

### THIRD DEFENSE

Defendants affirmatively assert and invoke all substantive and procedural defenses available unto them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to the Prison Litigation Reform Act (PLRA).

**FOURTH DEFENSE**

Defendants possess sovereign, absolute and/or qualified immunity herein from suit and/or liability and/or damages.

**FIFTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SIXTH DEFENSE**

Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff, and are, therefore, not liable in damages.

**SEVENTH DEFENSE**

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and Defendants are not guilty of tortious conduct or omission.  The actions taken by Defendants were taken in good faith and in good faith reliance upon then existing law.

**EIGHTH DEFENSE**

The matters set forth in Plaintiff's Complaint do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**NINTH DEFENSE**

Defendants committed no act or omission which caused any injury, damage, and/or deprivation to Plaintiff and Defendants are, therefore, not liable in damages.

**TENTH DEFENSE**

As a matter of law, Plaintiff is not entitled to any relief from Defendants.

## **ELEVENTH DEFENSE**

Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains.  To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

## **TWELFTH DEFENSE**

**NOW COME** Rankin County, Mississippi, Sheriff Bryan Bailey, and Brett McAlpin, by and through counsel, and state that unless specifically admitted herein, Defendants deny all allegations of the Complaint.

For answers to the allegations of the Complaint, Defendants state:

1.     In response to the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 8 of Plaintiff's Complaint, Defendants admit that Plaintiff is presently incarcerated, that Plaintiff was not an inmate of MDOC at the time of the incident complained of in the Complaint, and that Plaintiff is not currently an inmate of MDOC. Except where otherwise specifically admitted, the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 8 of Plaintiff's Complaint, including subsections (A.) through (F.), are denied.

2.      In response to the allegations under the heading "**PARTIES**" on page 2 of 8 of Plaintiff's Complaint, Defendants admit that Sheriff Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi and that Brett McAlpin was an employee of Rankin County at the time of the incident complained of in Plaintiff's Complaint.  Except where otherwise specifically admitted, the allegations under the heading "**PARTIES**" on page 2 of 8 of Plaintiff's Complaint are denied.

3.      Defendants are without sufficient information and/or belief to admit or deny the allegations under the heading "**OTHER LAWSUITS FILED BY PLAINTIFF**" on page 3 of 8 of Plaintiff's Complaint, and accordingly deny same.

4.      The allegations under the heading "**STATEMENT OF CLAIM**" on page 4 of 8 of Plaintiff's Complaint are denied.

5.      The allegations under the heading "**RELIEF**" on page 4 of 8 of Plaintiff's Complaint are denied.  Further, Defendants deny that Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief. Defendants deny any and all liability.

6.      In response to the allegations on page 5 of 8 of Plaintiff's Complaint, Defendants admit that Plaintiff was arrested on or around August 1, 2018.  Except where otherwise specifically admitted, any and all allegations against Defendants on page 5 of 8 of Plaintiff's Complaint are denied.

7.      Any and all allegations against Defendants on page 6 of 8 of Plaintiff's Complaint, if any, are denied.

8.      Any and all allegations against Defendants on page 7 of 8 of Plaintiff's Complaint, if any, are denied.

9.      Any and all allegations against Defendants on page 8 of 8 of Plaintiff's Complaint, if any, are denied.

## ADMINISTRATIVE REMEDIES PROGRAM

Defendants specifically deny that Plaintiff has fully and properly exhausted the Administrative Remedy Program ("ARP") available to him at the Rankin County Jail and affirmatively assert the failure of Plaintiff to exhaust his administrative remedies as an affirmative bar to the maintenance of this civil suit.  Failure to exhaust administrative remedies is a jurisdictional condition precedent to the institution or maintenance of this civil action. Without completion of the ARP, Plaintiff cannot maintain the instant action and the same should be dismissed.

**AND NOW,** having fully addressed the numbered paragraphs of Plaintiff's Complaint, and having denied any and all liability herein, Rankin County, Sheriff Bryan Bailey, and Brett McAlpin set forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

Individual Defendants Sheriff Bryan Bailey and Brett McAlpin are entitled to qualified immunity or absolute immunity from suit and/or liability herein.  Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actors.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants and should be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith reliance upon then existent law and are therefore entitled to immunity or a special good faith defense.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, the one-year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35 and / or MISS. CODE ANN.§ 11-46-11, and the three-year statute of limitations pursuant to MISS. CODE ANN. § 15-1-49.

### FIFTH AFFIRMATIVE DEFENSE

At all times complained of, Defendants acted in acted in good faith, without malice, without reckless disregard, without deliberate indifference, without retaliatory motive, without injurious intent, without evil motive, and in compliance with the applicable legal standards, and are guilty of no wrongful or tortious conduct.

### SIXTH AFFIRMATIVE DEFENSE

Defendants possess immunity to Plaintiff and specifically assert all rights, defenses, privileges, and immunities available unto them under applicable state and federal law. These Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

**EIGHTH AFFIRMATIVE DEFENSE**

Alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of Rankin County, Mississippi. Plaintiff's alleged losses, damages and/or deprivations were not the proximate result of the execution of any official governmental policy, custom or practice attributable to Defendants or to their employer.

**NINTH AFFIRMATIVE DEFENSE**

Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law.  Further, Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

**TENTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of Defendants proximately caused any harm, loss or deprivation to Plaintiff.  At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification.   Further, Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.  Plaintiff's allegations do not rise to the level of a constitutional tort.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants complied with all applicable standards of care.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is guilty of comparative fault and Plaintiff's recovery, if any, must be limited accordingly.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, res judicata, statute of limitations and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions, or those of other persons for whom Defendants are neither liable nor responsible.  Plaintiff's recovery, if any, should be barred or alternatively, reduced under principles of comparative fault. Further, Defendants affirmatively assert and invoke all defenses and rights available to them in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against some or all of the Defendants pursuant to FED. R. CIV. P. 8 and accordingly, the Complaint should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are not guilty of conduct amounting to deliberate indifference to the rights of Plaintiff.

## **EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants affirmatively assert that they cannot be held liable for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein.

## **NINETEENTH AFFIRMATIVE DEFENSE**

Defendants invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

## **TWENTIETH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

**WHEREFORE, PREMISES CONSIDERED,** Rankin County, Mississippi, Sheriff Bryan Bailey, and Brett McAlpin deny that Plaintiff is entitled to any relief whatsoever, and respectfully request Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and attorneys' fees assessed against Plaintiff pursuant to 42 U.S.C. § 1988, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 17th day of July, 2020.

> **RANKIN COUNTY, MISSISSIPPI, SHERIFF BRYAN BAILEY, AND BRETT MCALPIN – Defendants**
>
> **BY:**   _/s/ Jason E. Dare_____
> **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bpislaw.com
Biggs, Pettis, Ingram & Solop, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:     (601) 987-5307
Facsimile:      (601) 987-5307

<u>**CERTIFICATE OF SERVICE**</u>

I, Jason E. Dare, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and further this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Jeremy Travis Paige, R5845
Rankin County Jail
221 N. Timber Street
Brandon, MS 39042

**THIS,** the 17th day of July, 2020.

_/s/  Jason E. Dare_
**JASON E. DARE**